All rise. Please be seated. The next case called for oral argument. Excuse me, this is Baird v. Park Glen Apartments. I'll turn it over to you, Ray. Thank you. Thank you. Justice? Counsel? Dennis Satterbury for the Plaintiff. The trial court made several errors when it granted summary judgment to the defendant. First, the trial court erred in finding as a matter of law that the failure to secure the mat was not a defect in the mat. The general rule is that a business owner owes a duty to provide a safe means of ingress and egress. The court held that the mat was not defective in any way. The Plaintiff disputes this. It was defective and that it was not properly secured. In Win v. Hy-Vee, the court held, it also dealt with an unsecured mat, that the court held that a jury could find that a business failed to exercise ordinary care in maintaining the premises in a reasonable, safe condition by failing to properly secure the mat. That is the defect. It should be a question for the jury about whether or not it was a defect and therefore whether or not the defendant provided a safe means of ingress and egress to and from the building. The second issue is that the court ruled that there was no actual notice of a defect in the mat. Neither the act of God nor the Supreme Court case of Win v. Hy-Vee have an element of notice. In Win v. Hy-Vee, what you had to prove before it could go to a jury was that the business, or in this case the defendant, placed the mat there and that the mat was unsecured. Then it goes to the jury to determine that. It specifically says it's without requiring proof of the defendant's actual or constructive notice. Again, the court held that a jury could find that the business failed to exercise ordinary care and maintain the premises by failing to secure the mat. That's a defect. Now the defendant argues the condition of the mat. Well, if that's the case, it goes back to the point that it's without requiring proof of the defendant's actual or constructive notice. That's a question for a jury about whether or not that failure to secure the mat was a defect in this situation. By saying that notice by the trial court creates an element that it's not in the act of God and it actually overturns Gwen v. Hy-Vee. We're asking that notice not be part as an element in this type of case. Keep in mind that there's other cases that have also ruled that notice is not an element. Blue v. St. Clair Country Club. This is where a table with an umbrella blew over. Again, the law imposes the duty on business to exercise reasonable care for known as well as those conditions which could have been known. So an actual notice is not necessary. They also pointed out that you can't shift the burden to the guest to inspect. And in the Blue v. St. Clair County, the table and umbrella had never injured anybody in the past. So, the fact that there was no prior accident is not a defense. In this case, there's no dispute that the there's no dispute that it was not secured. There's no dispute that it was subject to wind condition. And it is a red herring that the mat has never blown up before. They can't prove that. All they can prove is that no one has ever complained of it before. In fact, there is some evidence that it has blown up before. Somebody has fallen. With regards to a woman that had spoke to the plaintiff and there's some evidence in the file that my client tried to find her. But there is some evidence that it could have happened. But there's no evidence that it's never happened. You can't prove a negative in this situation. Next, the Act of God defense cannot apply because there's a human element to the negligence. Failing to secure the mat is a human element. Chicago v. Smith, the Supreme Court ruled that a loss or injury is due to the Act of God when it is occasioned exclusively by natural causes such as could not be prevented by human care, skill, or foresight. This case could have been prevented by human care, skill, and foresight by securing the mat. So a jury could find that a reasonable person would expect a mat could blow up with a gust of wind if it's not secured. Now, keep in mind there's another case that is not as egregious as this case. It's Locker v. Jules T. Company. It was a lightweight pylon that was created for the structure. It was secured. It just wasn't secured properly. The pylon fell during the windstorm and there was a negligence in that case. Here, a mat that wasn't even secured by the windstorm. So these facts are even more egregious than that in Locker. Finally, the court erred when it said that wind events was not reasonably foreseeable. At best, it should be a question of the fact that whether a wind is a foreseeable event that could cause a mat to lift up off the ground of an entrance of a building that is exposed to weather and somebody could trip on it. That should be a question of fact for a jury. Now, defense has pointed out several cases. The first one is, and I'll probably butcher this, Turquoise v. De Bloor Company. In that case, it held that an injury suffered by the plankton must be the natural and not merely a remote consequence of the defense act. We agree. But in Turquoise, someone committed suicide when facing an eviction. Hard to imagine suicide as a natural consequence arising out of an eviction. But a fall is a natural consequence of a wind lifting up an unsecure mat outside of a building and somebody walking over it. The defendant repeatedly argues that nobody has ever fallen on this before. Well, to require somebody to fall on this, it creates a two-fall or two-bite rule. And neither Bloor nor the cases had prior falls. The final case that I'd like to mention is Kunis v. Brennan. It stands for the proposition that not what happened but what would a reasonable person have foreseen to likely happen. This case is not a shield for the defendant. It's actually a sword for the plankton. The question for the jury is, and the defendant has argued this exhaustively, that this is the first known fall. Well, a jury may not look at what happened but what a reasonable person would foresee to happen. A reasonable jury could foresee that an unsecured rug can blow up at the entrance of a building and the wind causing the injury. For these reasons, we ask that you reverse the trial court decision and remand accordingly. Are there any questions? I had one basic question. So when a woman fell on the mat, she's allegedly stepping onto the mat and the mat lifted up because of the wind and took her with it and knocked her over? Or it was because the wind had lifted it up and misplaced it and she stepped on it and tripped somehow? No, according to the video, I believe the counsel will agree, as she steps on it, I think the vacuum of the door and everything, I'm not for sure exactly why, but as she steps on it, it lifts up and she falls. It's not something that she would, that it just tripped and it's an open and obvious situation if that's where you're going with that. I'm envisioning a magic carpet ride where she gets on it and it starts to move and she falls off. Correct. That's what happened. Basically, it's my understanding that a corner came up, as she steps on it, a corner comes up. This is only a 4x6 mat. It's not like a huge mat. 4x6 mat It folded up as she was walking on it and it caused her to trip and fall. Okay, thank you. Thank you. Thank you, counsel. Counsel? Good morning, Your Honor. May it please the Court. Counsel, John Langfelder for her defendants, Parkland Apartments and Pacific Management. The trial court found, as a matter of law, that Plaintiff's injury was not foreseeable and that defendants committed no act or admission to cause that injury. And we're asking that this Court affirm the trial court's granting of summary judgment. It's found that the wind blew up the mat. The mat was not damaged or defective in any way. The mat was secured on the concrete by its own weight and there was no evidence of any prior incident or that defendants had any notice or knowledge of any prior incident. Now, we addressed several issues in our brief. Approximate causation was one. And to establish causation, it must be the natural or remote consequence of defendant's act. And Plaintiff agrees with that in their reply brief with that statement of law. You need a wrongful act and you need the loss resulting from that act. There was no knowledge of any prior incidents or injuries involving this mat to defendants. No defects or damage in the mat. No incidents, no prior complaints, no reports, and no issues with the mats. And there was no evidence that defendants committed any act or omission or that that was foreseeable. And it has to be reasonably foreseeable. The wind gusted up and to answer Your Honor's question when you were asking about the magic carpet ride and that, she testified, and it's in our brief, that as she stepped out on the carpet and was walking on it, she described it as being blown up and wrapping around and wrestling her to the ground. So it had been laying in place for five to six years prior to this event. Laying flat, it was approximately four by six, laying flat on the concrete by its own weight. There was no building or safety codes that required that this mat be secured in any way. And no evidence to show that this occurrence was foreseeable. It has to be more than a mere possibility. A premise owner is not required to guard against all harm. Not required to guard against any harm that's not from events that are not reasonably anticipated. And not for harm looking back in hindsight, would they be responsible for that? And based on the facts and evidence that was presented, there was no reason to suspect that the mat needed to be secured to the extent that it was not foreseeable. And from a premise liability standpoint, land, possessors of land may be liable under certain circumstances provided that they are able to satisfy three elements. Plaintiffs can't satisfy the burden of proving the first element because defendants knew by exercise of reasonable care would discover that the mat presented an unreasonable risk of harm. The mat posed no danger. And I know that they cite to the Wopken and Case about the fact that in that case they had the pylon which was more of a design or construction defect that was above an archway going into the grocery store. Well, in that situation, the public would not discover, would not be aware because that condition was 38 feet in the air. There's no possibility, no opportunity for the public to discover any defect in that. This case, plaintiff alone is walking in and out and in the course of the year, walked across that mat at least 450 times without incident. And that's just in that year. And when you add in the residents, other invitees, that number increases exponentially. Opposing counsel says yes, but this is a question for the jury. Well, the question becomes whether or not that's a question for the jury is whether or not the failure to secure, he's saying that the failure to secure the mat is a defect. There's no defect in the mat. He's relying on the fact that in the case of the Hy-Vee case is that they found that failing to secure the mat was a defect. In that case, there was plenty of issues with the mat in that case that don't exist in this case. In the Hy-Vee case, they would only put mats out and inclement weather to prevent people from tracking water into the store. The mats were in poor condition, poorly maintained. Edges were curled up, they were torn, they were ripped. They had complaints about that. They secured, the only reason they were secure is that when people stepped on it, the mats would move and slide. A witness observed people fall, tripping. Plaintiff's husband in that case actually complained two or three times to management about the condition. The manager in the Hy-Vee case testified that, well, they would tape down the turned up edges or corners in order to secure the mat. And, again, they had incidents of people walking across the mat moving and sliding and people tripping. That doesn't exist in this case. This mat is laying flat by its own weight. No defects, no upturned edges, no buckles, no curls, no tears, no defects in the surrounding concrete. It's laying flat by its own weight. And as far as with the other cases, as far as when it comes to, there is, so as far as there is no evidence presented and plaintiff can't show that defendants have any knowledge. And I think that as far as when they're talking about the notice requirement or were injecting a notice requirement or the court injected a notice requirement into the act of God, what they're saying is that in the Hy-Vee case, Hy-Vee had knowledge of the condition, of the poor condition. They had a plaintiff's husband complaining two to three times. They had a witness who complained about it. Managers testifying and employees testifying that they knew that the mats used had to be discarded. They were in poor condition at times. Had to be taped down to keep them from shifting and moving as people walked across. They took them up and basically they took them, they put them out in inclement weather and took them up after. So in this, and so they had knowledge and it was foreseeable that under those conditions and the reports of the witness and plaintiff's husband, the evidence was there that that type, somebody tripping and falling, would be foreseeable. And a little different between the being wrestled to the ground and the plaintiff in the Hy-Vee case, I think she caught her foot in one of those upturned corners and as she tried to dislodge it is when she fell over and injured herself. Now as far as the blue case, the blue case is with the umbrellas. And they had the two different types of umbrellas. The majority of them were the ones you jabbed in the ground with a spear type. And in that situation, normal occurrence, it didn't matter what type of wind, there was testimony and evidence that it would blow over and it was a regular occurrence. The fact that nobody was injured before didn't prevent them from finding the country club had knowledge that this would blow over, it was a regular occurrence, didn't matter what type of wind it was. So they had knowledge that these umbrellas would not stay, would not secure, they'd be tipping over, the tables would turn over, and somebody being injured was foreseeable to them. In this case, what we have is we have a mat laying flat on the ground, no rips, no tears, no curled edges, no defects of any type, laying flat, no prior incidents, no prior reports, no trip and falls, you have a high wind on a day when the plaintiff, unfortunately for her, is walking out, wraps around her, and wrestles her to the ground. As far as from the defendant's standpoint, the defendant had no knowledge of any prior trips, falls, accidents of any kind, and there's no reason to suspect that a mat laying flat on the ground continuously for five to six years would suddenly lift up and wrestle plaintiff to the ground. For these reasons, we feel that the trial court's order granting summary judgment should be affirmed. Thank you. Thank you. Thank you. I understand that the counsel has repeatedly argued about the condition of the mat in the Winn v. Hyde v. Case, but I again point to the holding that it did not as long as they, the business, put the mat there, and that it was unsecured, it goes to the jury. It's without requiring proof that the defendants had actual or constructive knowledge. Therefore, I think requiring them to add an element here would be overturning a Winn v. Hyde v. Nothing further at this time unless you have questions. Thank you. We appreciate the brief arguments of counsel. The matter under 5-2 in order of due course. Thank you.